**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TINA M. GASSON,

      Plaintiff,

vs.                                CASE NO.  3:04-cv-141-J-TEM

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

      Defendant.
_____

**O R D E R**

Plaintiff's counsel in this Social Security case has filed a motion for Authorization of

Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #15).  Plaintiff's counsel, William E.

Horne, Jr., seeks an award under a contingency fee contract for twenty-five percent of the

past due benefits Plaintiff was awarded in this case.  The  Commissioner's Response to

Plaintiff's Counsel's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. #16) does

not object to the award of attorney fees, and directs the Court's attention to the Eleventh

Circuit's decision in *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir.

2006).[1]

_____

[1]Plaintiff advises the Court that the instant motion was filed just over eight months
after the Notice of Award was sent to Plaintiff because counsel determined it necessary to
resolve the issue of § 406(a) administrative fees for the attorney before moving for the
Court to award § 406(b) fees (Doc. #17).  In this case, the Commissioner did not oppose
the motion for fees based on timeliness, but merely pointed out the *Bergen* court
suggested:

        With respect to future social security actions, in accordance with the
    §406(b) statutory language and the Federal Rules of Civil Procedure, this
    Court believes that the best practice, in entry of a judgment for immediate
    entry of benefits, would be for Plaintiff to request and the Court to include in

                                               (continued...)

*History of case*:

Plaintiff first filed for Disability Insurance Benefits on November 1, 1994.  (Doc. #1 at 2).  After being denied initially, and on reconsideration, a hearing was held on November 20, 1996.  (Doc. #7 at 22).  The Administrative Law Judge (ALJ) issued an unfavorable decision on February 6, 1997, and the Appeals Council denied review on July 29, 1998.  (Doc. #1 at 2-3; Doc. #7 at 22).[2]  Plaintiff then filed an appeal with the Court in the Middle District of Florida, Jacksonville Division, which reversed and remanded the case on June 20, 2000.  (Doc .#1 at 3).

---

[1](...continued)
the judgment a statement that attorneys fees maybe applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission (sic).
*Bergen v. Comm'r of Social Sec.*, 454 F.3d 1273, 1278, n.2 (11th Cir. 2006).

Under Rule 54(d)(2), Fed.R.Civ.P., and Middle District of Florida Local R. 4.18(a), claims for attorney fees should be filed within fourteen (14) days after the entry of judgment.  However, the attorney is not eligible for § 406(b)(1)(A) fees unless the Commissioner subsequently finds the claimant disabled and awards benefits.  In this case, Plaintiff was notified about her past due benefits in a Notice of Award letter dated November 11, 2005 (Doc. #15, Exh. 2).  The fee application to this Court was filed July 21, 2006.  In *Bergen,* the Eleventh Circuit reversed a district court's denial of fees based on two issues, one of which was timeliness.  The court stated that since the Commissioner had not objected on timeliness, the court would not address the issue.  However, as noted above, the court did suggest an appropriate procedure for attorneys to request a specified period to file fee claims in the initial judgment. *Id.* at 1278, n.2.  Here, the Court chooses to follow the Eleventh Circuit and not address the timeliness, or lack thereof, of counsel's motion for fees as Defendant has not objected to a fee award on that basis and this case is not a "future social security action," but is, in fact, an action that began a number of years before *Bergen.*

[2]Mr. Horne, Plaintiff's counsel, was previously associated with the Law Office of William C. Davis, Jr.  Plaintiff was represented by Mr. Davis until health problems forced him to turn over his case load, including the instant matter, to Mr. Horne in May 1997.  Mr. Horne has represented Plaintiff since May 26, 1997.  (Doc. #15 at 1).

On remand, a supplemental hearing was held on September 18, 2001, after which an other unfavorable decision was issued on January 9, 2002. (Doc. #1 at 3). The Appeals Counsel again denied review and Plaintiff filed a second complaint in the Middle District of Florida on February 27, 2004. (Doc. #1). This Court reversed and remanded the case on August 31, 2004. (Doc. #9). Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff's counsel $2,625.60 in attorneys fees on December 29, 2004. (Doc. #12).

Following another supplemental hearing before an ALJ, a fully favorable decision was issued for Plaintiff. (Doc. #15 at 2). On November 11, 2005, Plaintiff was notified that she would receive past due benefits in the amount of $63,317.40.[3] (Doc. #15, Exh. 2 at 2). Withheld from Plaintiff's past due benefits payment was $21,105.80, which was reserved for attorney fees. (Doc. #15, Exh. 2 at 3). On December 9, 2005 Plaintiff's counsel petitioned the presiding ALJ for administrative attorney fees in the amount of $6,455.70. The petition for attorney fees from the administrative phase of this case was granted and on June 16, 2006, Plaintiff's counsel received a check for $6,380.70, although no additional information accompanied the check.[4] (Doc. #15 at 3).

---

[3]The Court notes Plaintiff's first disability check was issued in the amount of $63,317.50 from her past due benefits and the Commissioner withheld $21,105.80 of past due benefits as escrow for possible attorney fees. Thus, Plaintiff's past due benefits totaled $84,423.20. (Doc. #15, Exh. 2; Doc. #16, p.2).

[4]Plaintiff's counsel notes that the ALJ apparently awarded attorney fees in the amount of $6,455.70, but the agency charged $75 for administrative costs associated with the fee request and this reduced the amount of the check to Plaintiff's counsel. (Doc. #15, n.4).

Altogether, Plaintiff's counsel  spent 45.79 hours on the administrative proceedings and 36.89 hours on matters before the district court. (Doc. #19 at 14-15).   Counsel's representation of Plaintiff spans more than eight years.  (Doc. #15 at 1).  Counsel has received a total of $9,006.30 ($6,380.70 check for administrative attorney fees + $2,625.60 from Plaintiff's award of EAJA fees) out of the $21,105.80 reserved for his remuneration.[5] (Doc. #19 at 5).

On January 20, 2004, Plaintiff entered into a fee agreement with the Law Office of William Earl Horne, Jr. (Doc. #15, Exh. 4).  Terms of the fee agreement specify that it "superceeds" [sic] any previous fee agreement signed with the attorney "for representation before the Social Security Administration." (Doc. #15, Exh. 4).  The terms also provide that "in no case will the fee that comes out of the back benefits paid on my account be greater than 25% (including the fee paid for work on my case before the Social Security Administration)."  (Doc. #15, Exh. 4).

*Social Security statutory fee structure:*

Congress has enacted laws to regulate fees for representation of Social Security claimants at both the administrative stage and in federal court.  At the administrative stage, 42 U.S.C. § 406(a)(1) provides the Commissioner may "fix" a reasonable fee for representation before the agency in accordance with regulations.  Under that section, the fees for a successful applicant are capped at an agreed amount, providing it is no more than twenty-five percent of the past-due benefits or $4,000, whichever is lower.  42 U.S.C. § 406(a)(2)(A).  The statute allows the Commissioner to raise the $4,000 cap periodically

---

[5]Here, again, the Court notes the actual amount awarded to Plaintiff's counsel exceeds this dollar figure by the $75 retained as administrative costs.

to correspond with increases in primary insurance amounts.  42 U.S.C. § 406(a)(2)(A)(iii).

In this case, the reasonable fee was increased by the presiding ALJ to account for

representation by Plaintiff's counsel at three separate administrative hearings.  (Doc. #15

at 2-3, *see also* Doc. #15, Exh. 5).

For cases in which a court has issued a judgment favorable to a claimant

represented by an attorney, the court "may determine and allow as part of its judgment a

reasonable fee for such representation, not in excess of twenty-five percent of the total of

the past-due benefits to which the claimant is end by reason of such judgment. . . ."  42

U.S.C. § 406(b)(1)(A).  That section has been interpreted to allow an award of benefits

where the district court remands the case to the Commissioner of Social Security and the

Commissioner on remand awards past-due benefits. *Bergen v. Comm'r of Social Sec.*, 454

F.3d 1273, 1276 (11th Cir. 2006).

An attorney for a prevailing party also may claim "within thirty days of final judgment"

reasonable fees for the representation under the Equal Access to Justice Act,  28 U.S.C.

§ 2412 (b).  The party must allege that the position of the United States in the matter "was

not substantially justified."  28 U.S.C. § 2412 (d)(1)(B).  That fee may be claimed within

thirty days after the court issues final judgment in the action, which the statute defines as

a "judgment that is final and not appealable. . . ."  42 U.S.C. § 2412(d)(2)(G).  In a case

involving a sentence six remand, the filing period does not begin until after the post-remand

proceedings are completed, the Commissioner returns the case to federal court, the court

enters final judgment and the appeal period runs.  *See Melkonyan v. Sullivan*, 501 U.S. 89,

102 (1991).

In defining "not substantially justified," the Supreme Court has indicated EAJA fees are not available every time a claimant prevails, but only when the Commissioner's position lacks "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

*Legal analysis:*

The questions presented are whether awarding the amount requested under the contingency fee agreement is reasonable, and, if it is not, what constitutes a reasonable fee. The framework for the analysis comes from the *Gisbrecht* case, in which the Supreme Court examined conflicting methods of calculating fees under § 406(b) in various circuits.[6] The Court concluded that § 406(b) does not displace contingency fee arrangements as the primary means by which fees are set for representing Social Security claimant in court. *Gisbrecht*, 535 U.S. at 807. The Court found that Congress had determined that contingency fee agreements would be unenforceable if they exceed twenty-five percent,

---

[6]The Eleventh Circuit was one of several circuits using a lodestar method based on hours spent on a case multiplied by a reasonable hourly rate. *Gisbrecht* at 799; *Kay v. Apfel*, 176 F.3d 1322, 1324 (11th Cir. 1999). The Supreme Court noted the lodestar method was commonly used in fee-shifting situations in which the losing party was required to pay the fee. Under § 406(b), however, the fee is paid from the past-due benefits collected. Moreover, the Court noted that Congress had in 1990 authorized contingency-fee agreement for agency-level representation in § 406(a). *Gisbrecht,* 535 U.S. at 805.

but within that boundary the attorney need only show that the fee sought is "reasonable for the services rendered." *Id.* The Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808.

The Court did not issue specific guidelines for determining reasonableness, noting that courts are accustomed to making reasonableness determinations. *Id.* The Court did, however, note with approval that lower courts appropriately considered the character of the representation, the results achieved and any delay caused by the attorney, when assessing the reasonableness of the sought fees. *Id. Gisbrecht* also indicates the lower courts may require the attorney to submit a record of the hours spent representing the client, as well as the lawyer's normal hourly billing charge. *Id.*

Justice Scalia in a dissenting opinion stated, "I do not know what the judges of our district courts and courts of appeal are to make to today's opinion," indicating that the factors the Court proposed lower courts examine in determining reasonableness are the antithesis of contingency fee agreements. *Id.* at 809. He also stated that the majority opinion does nothing to subject § 406(b) fees to "a uniform rule of law." *Id.*

Some courts indeed have indicated difficulty in applying the aforementioned factors. One district court in 2006 noted that *Gisbrecht* does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is in order. *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006). In *Ellick*, the court analyzed forty-three reported post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning; in eight cases the attorneys had requested fees

7

which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees.  *Id.* at 1168-71.  Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.[7]

One circuit has affirmed a district court's award of a twenty-five percent fee over the Commissioner's objection that the award resulted in an hourly "windfall" rate of $736.84. *Mudd v. Barnhart*, 418 F.3d 424, 417 (4th Cir. 2004).  The Fourth Circuit found the district court had considered the overall complexity of the case, the lawyering skills necessary, the risks involved, and the significance of the result achieved in district court.  *Id.* at 428.  Such analysis was satisfactory to determine a reasonable fee under *Gisbrecht.*

In this district, one court has found a range up to 2.5 times a normal fee would be reasonable, particularly with regard to other factors in that case.  In *Johnson v. Barnhart,* Civil Action No. 3:03-cv-68-J-MMH (M.D. Fla., January 12, 2007)(unpublished decision), the court concluded $250 per hour constituted a normal hourly rate for Social Security appeals and up to 2.5 times that rate would reasonably account for the contingency nature of the case.

*Application to the case*:

_____

[7]The other two cases involved somewhat unusual facts where the courts deducted fees attributed to a paralegal's work in one case and in the other case decreased fees based on a recovery for two minor children which did not involve additional work on the attorney's part.  *Ellick*, 445 F.Supp. 2d at 1171.
    Clearly, there have been numerous other cases in the last year since *Ellick*, but this Court has not noticed any further distinctive trend that would require additional analysis.

In accordance with *Gisbrecht*, the Court will determine a reasonable fee award considering counsel's experience and background, his work on this case, the hours spent representing the client at the district court level, the complexity of the case, the difficulty of the case at the time counsel agreed to take it,[8] whether counsel caused any delay, and counsel's normal hourly rate.  In this case:

(1)    Social Security is one of the primary areas of counsel's law practice.

(2)    Counsel began representing Plaintiff while her case was still at the administrative level when her original attorney could not continue her representation.  Over the next several years, counsel represented Plaintiff at three administrative hearings. Counsel also filed two lengthy, detailed appeals to the district court, both of which were successful.  Although the final favorable decision is not included in the record, Plaintiff was ultimately awarded over $84,000 in past due benefits.[9]

(3)    Counsel spent 82.68 hours working on the case, 45.79 hours in the administrative phases and 36.89 hours in proceedings before the district court, an amount of time the Court considers reasonable based on the complexity of the case.

---

[8]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case."  *Kay v. Apfel*, *supra,* 176 F.3d at 1327.  Given the nature of Social Security cases, particularly those in which the attorney is not in the case at the beginning, that seems an appropriate factor even under a *Gisbrecht* analysis.  The factor also could be viewed as the substantial risk of loss at the time the case was undertaken.  In this case, the same attorney has represented Plaintiff since 1997.

[9]The Court arrived at this conclusion by totaling the amount of past due benefits that Plaintiff received, plus the amount of monies retained in escrow by the Social Security Administration from Plaintiff's past due benefits for a potential award of § 406(b) fees to counsel (i.e. $63,317.40 check to Plaintiff + $21,105.80 held in escrow for attorney fees). *See* Doc. #15 at Exh. 2.

(4)     As stated above, this case began in 1994, thus the medical history was extensive and complex.  A review of the briefs filed with the Court reveals that the record below included medical records dating back to 1991 and that Plaintiff had been evaluated by no less than twelve doctors.  (*See* Doc. #7)

(5)     Counsel always are accepting some risk in taking Social Security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.  In the course of Plaintiff's case, two ALJ decisions denied benefits and the Appeals Council repeatedly denied review.  It was not a simple case involving an incomplete record, but rather was one that required a full examination of the record on the merits.  *See, e.g., Thomas v. Barnhart*, 412 F.Supp. 2d 1240, 1244 (M.D. Ala. 2005) (discussing assumption of risk by an attorney representing a previously denied disability claimant).  Thus, in this case, there was a "very real risk of [counsel] gaining nothing in return for his efforts," particularly as the case progressed in the face of administrative denials.  *Id.*

(6)     The record available to the Court does not evidence any delays caused by Plaintiff's counsel.  Indeed, the time line of events in this case suggests that no unreasonable delays occurred.

(7)     The instant motion does not indicate counsel's normal hourly fee.  However, counsel does inform the Court that a total fee award of $21,105.80 would equate to an hourly fee of $255.27.  (Doc. #19 at 5).  After returning to Plaintiff the previously awarded EAJA fees, counsel's total compensation for this case will equal $18,480.20, or $223.51 per hour.  The Court finds this to be a reasonable hourly rate.

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*.

### *Conclusion*

1.      The Court will **GRANT** counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #15) in the amount of $14,650.10.  This amount is derived by subtracting the $6,455.70 awarded at the administrative level from the $21,205.80 held in escrow by the SSA for a total award of attorney fees not to exceed twenty-five percent of past due benefits, as set forth in the contingency fee agreement. However, as required under the statute and *Gisbrecht*, counsel must refund to the Plaintiff the amount of $2,625.60 representing the EAJA fees previously awarded to counsel in this matter (Doc. #12).

2.      Plaintiff's Motion to Admit Plaintiff's Response, Identified as Document #17 (Doc. #18) is **GRANTED to the extent** Plaintiff's Response to the Commissioner's Notification of the Bergen Decision (Doc. #17) shall stand as filed.

3.      As the Court does not believe oral argument would benefit the Court in ruling on this matter, Plaintiff's Motion for Oral Argument and/or Permission to Submit a Proposed Consent Order on Plaintiff's Motion for Approval of § 406(b) Fee (Doc. #19) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th___day of November, 2007.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge

11